KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
April McMahon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| April McMahon,<br><br>  Plaintiff,<br><br>  vs.<br><br>MRS Associates, Inc. ; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, April McMahon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, April McMahon (hereafter "Plaintiff"), is an adult individual residing in Tucson, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, MRS Associates, Inc. (hereafter "MRS"), is a New Jersey business entity with an address of 1930 Olney Avenue, Cherry Hill, New Jersey 08003, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by MRS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. MRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to MRS for collection, or MRS was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. MRS Engages in Harassment and Abusive Tactics

12. Within the last year, MRS has placed calls to Plaintiff in an attempt to collect the alleged Debt.

3

13. Plaintiff has confirmed that she is "April McMahon" when speaking with MRS. Despite this, MRS has demanded that Plaintiff provide it with personal information such as her date of birth, her Social Security Number, and/or her personal mailing address before disclosing any information for the purpose of the telephone call. Plaintiff has told MRS that she does not feel comfortable providing it with this information to an unknown person or entity.

14. MRS has refused to provide Plaintiff with the identity of the Creditor or any other information related to the alleged Debt.

15. Plaintiff has asked MRS to cease calling her in an attempt to collect the alleged Debt.

16. Despite Plaintiff's request, MRS has continued to place calls to Plaintiff in an attempt to collect the alleged Debt.

17. On or about December 28, 2011, Plaintiff contacted MRS and attempted to provide it with her attorneys' contact information and asked once again that it cease contacting her in an attempt to collect the Debt. MRS refused to accept this information from Plaintiff.

18. MRS failed to timely send Plaintiff a validation letter.

19. MRS has failed to provide Plaintiff with the requisite Mini-Miranda disclosing that it is a debt collector and that it was calling to attempt to collect on a debt.

4

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

# COUNT I
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

25. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

5

26. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

28. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

29. The Defendants failed to send the Plaintiff a validation notice stating the name o the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

30. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

31. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

32. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Arizona state law.

38. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls.

39. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

40. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

7

41. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

42. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

E. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: May 17, 2012                    LEMBERG & ASSOCIATES, LLC


By:  */s/ Kindra Deneau*
Kindra Deneau

Attorney for Plaintiff
April McMahon